UNITED STATES DISTRICT COURT
Southern District of Florida
Miami-Dade Division
Case Number: 1:13-cv-22196-WILLIAMS/SIMONTON

ALEXANDER S. BRADLEY,

    Plaintiff,

vs.

AARON HERNANDEZ,

    Defendant.

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO
COMPLY WITH DISCOVERY REQUESTS AND COURT ORDER**

Defendant, Aaron Hernandez ("Defendant"), through his undersigned counsel and pursuant to the Federal Rules of Civil Procedure 37(b)(2)(C) and 41(b), and S.D. Fla. L.R. 7.1, respectfully moves this Honorable Court to enter an order dismissing with prejudice the Complaint [DE 1] filed by Plaintiff, Alexander Bradley ("Plaintiff") for Plaintiff's repeated failure to comply with his discovery obligations and the Court's August 4, 2015 Order on Discovery Hearing [DE 80] ("Discovery Order").

**INTRODUCTION AND BACKGROUND**

1. Mr. Hernandez has sought to conduct discovery from Plaintiff; however, Plaintiff has repeatedly failed to provide required discovery obligations, and now he has ignored this Court's Discovery Order compelling discovery.  As the Court is aware, this is not the first motion to dismiss pertaining to discovery.  Plaintiff was deposed (the "Deposition") and during the Deposition, Plaintiff declined to provide answers to questions seeking discoverable information because: (1) he elected to invoke his rights under the Fifth Amendment based upon

instruction of counsel, (2) he elected to invoke his rights under the Fifth Amendment without instruction from counsel, and (3) he simply refused to answer some questions without any objection or instruction from counsel.  As a result, Mr. Hernandez filed his Motion to Dismiss, or Alternatively, to Stay the Action, Due to Plaintiff's Failure to Provide Discovery [DE 52] (the "First Motion to Dismiss") and that motion remains pending.

2. Subsequent to filing the First Motion to Dismiss, Mr. Hernandez attempted to seek discovery by serving Plaintiff with a set of Interrogatories and a Request for Production (collectively, the "Discovery Requests").  Plaintiff failed to timely provide any response (whether via objection, answer, request for extension, or otherwise) to the Discovery Requests, but eventually Plaintiff belatedly served what he called responses.  The interrogatory responses were not executed by Plaintiff or even signed, and many of the responses to the interrogatories and the document request were non-compliant.  After repeated meet and confer efforts failed to obtain compliant responses, Defendant noticed the non-compliance for hearing before Magistrate Judge Andrea M. Simonton,[1] per Magistrate Judge Simonton's procedures. [DE 78]

3. On August 4, 2015, following a full and properly noticed hearing, Magistrate Judge Simonton entered her Order on Discovery Hearing [D.E. 80] (the "Order").  The Order was clear and specific and it required Plaintiff, *inter alia*, to properly execute supplemental responses to designated interrogatories and to serve a supplemental response to certain designated requests in the document request.  The Order required Plaintiff to comply on or before August 19, 2015.  Plaintiff did not comply, nor did he seek any extension.  That remains true as of the filing of this motion.

---

[1] All discovery matters were referred to Magistrate Judge Simonton by the Court's prior order (DE 33).

## **MEMORANDUM**

A court may dismiss a lawsuit for a plaintiff's failure to participate in discovery,

> For failure of the Plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant.

Fed. R. Civ. P. 41(b).  Additionally, a court may involuntarily dismiss a plaintiff's complaint for failure to obey orders of the Court.  Fed. R. Civ. P. 37(b)(2)(C); *U.S. v. One 32' Scorpion Go-Fast Vessel*, 339 Fed.Appx. 903, 904 (11th Cir. 2009)("If a party does not comply with a court order to produce discovery, a court may issue further orders that are just, including dismissing the action"); *see also, Sussman v. Salem, Saxon and Nielson,* 154 F.R.D. 294 (M.D. Fla. 1994); *see also, Callio v. Harris County Child Welfare Dept.,* 757 F.2d 1513 (5th Cir. 1985) and *Ramsay v. Bailey,* 531 F.2d 706 (5th Cir. 1976) (a court has inherent power to dismiss an action pursuant to Rule 41(b) and may do so *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases).  A dismissal under Fed. R. Civ. P. 41(b) operates as an adjudication upon the merits and is therefore with prejudice.

Despite being an extraordinary remedy, when a litigant fails to obey a direct order of the court, dismissal is appropriate.  *One 32' Scorpion Go-Fast Vessel*, 339 Fed.Appx. at 904; *Jones v. Graham,* 709 F.2d 1497, 1458 (11th Cir. 1983), citing, *Link v. Wabash Railroad Co.,* 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962); *Silas v. Sears Roebuck & Co.,* 586 F.2d 382, 385 (5th Cir. 1978).  "Dismissal upon disregard of an order, especially where the litigant was forewarned, generally is not an abuse of discretion." *Moon v. Newsome,* 863 F.2d 835, 836 (11th Cir. 1989) cert. denied 493 U.S. 863.  *See also, Phipps v. Blakeney,* 8 F.3d 788 (11th Cir. 1993).  In *Pond v. Braniff Airways, Inc.,* 453 F.2d 347, 348 (5th Cir. 1972), the Court held that "a dismissal must be within the sound discretion of the court" and held that "we do not doubt the district court's power to dismiss with prejudice for failure to comply with court orders, either

pursuant to the Federal Rules of Civil Procedure, or, *sua sponte,* in exercise of the inherent power of the federal courts to control their dockets."

A case will be dismissed under Rule 41(b) with prejudice only where there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533 (11th Cir. 1985), quoting *Jones v. Graham,* 709 F.2d 1457, 1458 (11th cir. 1983); *see also, McKelvey v. AT&T Technologies, Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986) (dismissal justified only by clear record of delay or contumacious conduct, quoting *Martin-Trigona v. Morris,* 627 F.2d 680, 682 (5th 1980)).  Both requirements are met here.

Plaintiff's conduct justifies dismissal of this action.  Plaintiff has refused to provide discovery by refusing to answer questions at his deposition, failing to provide compliant responses to the Discovery Requests, and now by failing to comply with this court's Discovery Order.  This pattern of disregard of his discovery obligations and the Court's order demonstrates that Plaintiff's conduct is willful.  Plaintiff's failure to comply is clearly not a simple case of negligence or a misunderstanding of his obligations and the Court's Order.  To the contrary, the Discovery Order is clear and unambiguous and specifically provides what was required to comply.  Here, as in *One 32' Scorpion Go-Fast Vessel*, the Court has issued a specific order compelling compliance with discovery requests and Plaintiff has contumaciously refused to comply.  Given these facts and the record of non-compliance, it is clear that any lesser sanction than dismissal would be inappropriate and unavailing.

WHEREFORE, Defendant requests this Court grant this Motion and enter an order dismissing the above-captioned matter with prejudice, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
Aaron Hernandez
1500 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982

By:    /s/ Stephen B. Gillman
       Stephen B. Gillman
       Florida Bar No. 0196734
       sgillman@shutts.com
       Daniel J. Barsky
       Florida Bar No. 25713
       dbarsky@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 21st day of August, 2015 via CM/ECF, which caused a copy of the foregoing to be served via email on the persons on the below Service List.

       /s/ Stephen B. Gillman
       Of Counsel

## SERVICE LIST

**Andrew L. Waks, Esq.**
Waks & Barnett, P.A.
Co-Counsel for Plaintiff
9900 SW 107th Avenue, #101
Miami, Florida 33176
waksbar@aol.com

**David Jaroslawicz, Esq.**
Jaroslawicz & Jaros, LLC
Co-Counsel for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
dj@lawjaros.com

MIADOCS 11434365 2